**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ABRAHAM SIGURD LEE,

|  |
|---|

Civil No. 25-3554 (JRT/EMB)

Plaintiff,

v.

UNITED STATES OF AMERICA, and

DIRECTOR OF THE MINNESOTA BUREAU
OF CRIMINAL APPREHENSION,

**MEMORANDUM OPINION AND ORDER
ADOPTING REPORT AND
RECOMMENDATION AND DENYING
MOTION TO AMEND PLEADINGS**

Defendants.

---

Abraham Sigurd Lee, 6116 Winnetka Avenue North, Minneapolis, MN 55428, pro se Plaintiff.

Plaintiff Abraham Sigurd Lee filed a complaint seeking monetary relief pursuant to the Federal Tort Claims Act ("FTCA"). The matter was referred to United States Magistrate Judge Elsa M. Bullard. On September 18, 2025, the Magistrate Judge issued a Report and Recommendation ("R&R"), recommending that the matter be dismissed with prejudice in its entirety pursuant to 28 U.S.C. § 1915A(b). (R&R, Sept. 18, 2026, Docket No. 3.) No timely objections to the Report and Recommendation were filed.

At the time the R&R was issued, Lee was a prisoner and so remained responsible for the statutory filing fee for this litigation. The Magistrate Judge had, therefore, recommended that "Lee be directed to pay the unpaid balance ($350.00) of the statutory filing fee for this action in the manner prescribed by 28 U.S.C. § 1915(b)(2), and the Clerk

of Court be directed to provide notice of this requirement to the authorities at the institution where Lee is confined." (R&R at 6.) Lee has subsequently been released from prison. (*See* Notice of Change of Address, Dec. 10, 2025, Docket No. 6.) Accordingly, the Court will adopt the R&R to the extent that Lee will be directed to pay the unpaid balance, but because Lee is no longer a prisoner, the Clerk of Court need not collect the fee in the manner prescribed by 28 U.S.C. § 1915(b)(2).

Finally, on October 8, 2026, Lee filed a Motion for Leave to File an Amended Complaint. (Docket No. 5.) The Court will deny this motion for multiple reasons. First, the motion did not comply with the Local Rules governing motions to amend a pleading in this District.[1] Local Rule 15.1(b) requires that

> [a]ny motion to amend a pleading must be accompanied by:
> (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows—through redlining, underlining, strikeouts, or other similarly effective typographic methods—how the proposed amended pleading differs from the operative pleading.

D. Minn. LR 15.1(b). Lee's failure to comply with this rule—he provided neither a copy of a proposed amended pleading nor a redlined complaint—prevents the Court from substantively reviewing Lee's request to amend his Complaint. Moreover, Lee's failure to comply with the Local Rules is a sufficient, independent basis to deny his Motion to

---

[1] Although the Court is required to liberally construe the content of a pro se plaintiff's pleadings, plaintiffs are nevertheless required to comply with all substantive and procedural laws. *See, e.g.*, *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

Amend the Complaint.  D. Minn. LR 1.3, 7.1(g); *Sgromo v. Target Brands Inc.*, Civ. No. 20-1030, 2020 WL 7626606, at *13 (D. Minn. Oct. 7, 2020).

Even if the Court were to allow the amendment, however, the Complaint would still be defective.  To the extent the Court understands Lee's motion, he seeks to replace Defendant the Director of the Minnesota Bureau of Criminal Apprehension with "BCA MN Employees John Doe/Jane Doe."  (*See* Mot. at 1, October 8, 2026, Docket No. 5.)  As the Magistrate Judge stated in the R&R, "liability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights."  (R&R at 4 (quoting *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990)).  Lee's proposed amendment does not solve the defect in his original Complaint: "Lee does not plausibly allege that the (unnamed) director [or other BCA employees] himself or herself acted wrongfully."  (*Id.*)  Thus, Lee's proposed amendments to his Complaint would not cure the deficiencies.  *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052 (8th Cir. 2005) (noting the Court may deny leave to amend when the amendment is futile).

### ORDER

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1.  The Report and Recommendation (Docket No. [3]) is **ADOPTED in part**:

     a.  This matter is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A(b).

b.  The application to proceed in forma pauperis of plaintiff Abraham Sigurd Lee (Docket No. [2]) is **DENIED**.

c.  Lee is **directed to pay** the unpaid balance ($350.00) of the statutory filing fee for this action, and the Clerk of Court is directed to provide notice of this requirement to Lee.

2.  Lee's Motion for Leave to File an Amended Complaint (Docket No. [5]) is **DENIED**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED:  February 19, 2026           _____/s/ John R. Tunheim_____
at Minneapolis, Minnesota.                  JOHN R. TUNHEIM
                                     United States District Judge